UNITED STATES of America,
Plaintiff–Appellee,

v.

Troy R. SINGLETON,
Defendant–Appellant.

No. 89–30190.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 10, 1990.

Oct. 23, 1990.

Kelly R. Beckley, Eugene, Or., for defendant-appellant.

Jeffrey J. Kent, Asst. U.S. Atty., Eugene, Or., for plaintiff-appellee.

Before GOODWIN, Chief Judge, FLETCHER and FERNANDEZ, Circuit Judges.

FERNANDEZ, Circuit Judge:

Troy Randall Singleton ("Singleton") appeals the sentence he received for possession of a firearm by an ex-felon. Singleton claims that the district court improperly departed from the Sentencing Guidelines ("Guidelines"). The court gave the following three reasons for its departure: (1) Singleton's criminal history category inade-

quately reflected his past criminal behavior and the likelihood he would commit further crimes, (2) when Singleton was arrested he inflicted significant physical injury on a police officer, and (3) Singleton disrupted a government function.

We vacate the sentence and remand for resentencing.

## BACKGROUND FACTS

In November of 1987, Singleton was incarcerated in an Oregon State penitentiary where he was serving a five-year sentence for felony assault. Singleton escaped from the penitentiary and was next located by the police in February of 1988. At that time, the police had noticed Singleton riding as a passenger in a truck in Roseburg, Oregon. They set up a roadblock to capture Singleton but he jumped out of the truck and fled on foot. The police were unable to apprehend Singleton, but they did find a loaded revolver in a yard through which Singleton had run. In March of 1988, an Oregon state trooper stopped a pick-up truck near Roseburg. Singleton was a passenger in the truck. The trooper recognized Singleton and attempted to keep him in the truck, but Singleton forced his way out of the truck, hit the trooper around the head, and kicked the trooper in the testicles. The police officer suffered a bruise near his left eye, a scratch on his cheek and a sprained little finger. Singleton ran into a nearby field. The police cordoned off the field and captured him later when he attempted to run from the field.

Singleton was indicted in November of 1988, on one count of possession of a firearm by an ex-felon. The charge was based on the loaded revolver that the police had found the first time he had eluded them. He pleaded guilty to that charge and was sentenced in June of 1989. The district court adopted most of the presentence report ("PSR") and found that Singleton had a criminal history category of VI and an offense level of eight. The district court also decided that it would depart from the applicable sentencing range on the grounds that Singleton's criminal history category inadequately reflected the seriousness of his criminal conduct, that Singleton had caused significant physical injury when he assaulted the state trooper, and that Singleton had significantly disrupted a government function.

## JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742.

We review de novo whether the Guidelines permit a court to depart. *United States v. Gayou*, 901 F.2d 746, 747 (9th Cir.1990). We review for clear error or abuse of discretion whether the facts justified the district court's decision to depart. *Id.* at 747–48. If a district court departs on both valid and invalid grounds, the case must be remanded for resentencing. *United States v. Nuno–Para*, 877 F.2d 1409, 1414 (9th Cir.1989).

## DISCUSSION

A. Criminal History.

■ The Guidelines permit a court to depart if it finds that a defendant's criminal history category does not adequately reflect the defendant's "past criminal conduct or the likelihood that the defendant will commit other crimes...." U.S.S.G. § 4A1.3. However, since the Guidelines have already accounted for criminal history, a court should depart based on inadequate criminal history only in those limited cases when a defendant's record is "significantly more serious" than that of other defendants in the same criminal history category. *Gayou*, 901 F.2d at 748.

If a court departs based on criminal history, we require it to specify the particular facts of a defendant's history that illustrate why the defendant is unlike other defendants in the same category. *United States v. Ramirez Acosta*, 895 F.2d 597, 601 (9th Cir.1990); *United States v. Wells*, 878 F.2d 1232, 1233 (9th Cir.1989); *United States v. Michel*, 876 F.2d 784, 786 (9th Cir.1989). The district court may build the appropriate factual record by adopting a

presentence report that has made specific findings of fact that support the decision to depart. *United States v. Rigby*, 896 F.2d 392, 394 (9th Cir.1990).

█ In this case, the district court concluded that Singleton's criminal history was significantly more serious than most defendants who are classified with a criminal history category of VI.[1] The court noted that Singleton had a pattern of consistent criminal conduct that had started with criminal mischief and had escalated into serious felonies. The district court also adopted most of the PSR, including the report's recommendation that the court depart from the applicable sentencing range. The report noted that Singleton had an "assaultive nature" and a "propensity to possess firearms" and that the court should depart in order to protect the community.

The court adequately delineated the reasons why Singleton's criminal history justified departure. The fact that Singleton at a young age has a long, uninterrupted string of criminal convictions of accelerating seriousness and the fact that prior incarcerations have not affected his propensity to commit crimes, support the court's conclusion that Singleton's criminal history category was not sufficient to reflect the seriousness of his history.

While the court's determination was adequate, it was just barely so. Were it not for the density of Singleton's string of offenses (ten between his eighteenth birthday in 1982 and his assault on the officer in 1988), and were it not for their escalating nature, we would find it necessary to vacate the sentence to the extent that it was based upon the inadequacy of the criminal history category. Our close and time consuming review of this record convinces us that vacation of the sentence is not necessary. As it is, however, this matter must be returned for re-sentencing. We, therefore, strongly suggest that the district court more particularly clarify the exact basis of its determination in this regard at the time of that re-sentencing.

**B. Significant Physical Injury.**

█ The court also justified its departure on the ground that Singleton had caused a person to suffer a significant physical injury. The Guidelines permit a court to depart on that ground. U.S.S.G. § 5K2.2. Whether an injury is "significant" is a question of fact. We review a court's factual findings for clear error. 18 U.S.C. § 3742(e).

Here, the district court found that Singleton had significantly injured a state trooper by hitting and kicking him in order to escape arrest. The PSR discusses the fact that Singleton assaulted the police officer. The evidence showed that Singleton had hit the officer in the head several times and that he had also kicked the officer in the testicles. The officer wrote in a police report that he had suffered a bruise near his eye, a scratch on his cheek and a sprained finger. He did not mention whether the kick had, in fact, landed with sufficient force to cause pain. The officer did not indicate that he required medical attention, that he was in any significant pain, or that his injuries prevented him from carrying out his job for any period of time. In fact, he indicated that he was able to minimize the impact of most of Singleton's blows.

The Guidelines do not define what constitutes a "significant physical injury," and we have not had occasion to consider the question before now. *Cf. United States v. Montenegro–Rojo*, 908 F.2d 425, 430 (9th Cir.1990) (reviewing court found sentencing judge relied on § 5K2.6 use of a dangerous instrumentality rather than on § 5K2.2 significant physical injury and, therefore, did not reach the definition of significant physical injury). However, it is clear that a "significant" physical injury must be something more than physical contact that is merely offensive. Moreover, it must mean something more than "physical injury" standing alone. Surely, not just any damage or hurt of a physical kind can satisfy

**1.** Category VI includes any defendant with thirteen or more criminal history points. U.S.S.G. ch. 5, Sentencing Table. Singleton had 21 criminal history points.

the Guidelines, for that would encompass every physical injury. Rather, the injury should be of some importance before it is considered significant. It should be something more than the ordinary scratches, scrapes and bruises that a person would suffer in almost any minor scuffle. The text of U.S.S.G. § 5K2.2 underscores that, for while it does not specifically define "significant injury," it fairly exudes the impression that something serious is afoot.[2]

In this case, there is no evidence to suggest that the police officer suffered anything more than minor harms. While the officer and the district court were rightly offended by Singleton's conduct, the minimal descriptions of the officer's injuries do not support the court's finding that the officer had suffered a *significant* physical injury. We do not say that kicks to the testicles or fistic blows to the head whose only visible results are bruises can never result in significant physical injuries. Either of those could inflict severe pain. Either could require medical treatment, extended or otherwise. We only say that given the lack of specific findings and, more particularly, given the lack of evidence in the sentencing record which we have carefully perused, no such injury was demonstrated here.

### C. Significant Disruption of Government Function.

■ Finally, the district court departed from the Guidelines on the ground that Singleton had significantly disrupted a government function. The Guidelines permit a court to depart on that ground. U.S.S.G. § 5K2.7. It is a question of fact whether a defendant's actions constituted a significant disruption of a government function. Therefore, a court should identify the particular acts of the defendant that constituted the significant disruption. *See, e.g., Wells*, 878 F.2d at 1233.

At the sentencing hearing, the district court conclusorily stated that Singleton had significantly disrupted a government func-

tion. The court's lack of factual findings make it difficult for us to determine exactly what part of Singleton's escapade moved the district court to depart on that ground. However, we have culled the following facts from the record. The police engaged in two searches for Singleton. The first search occurred after he ran from the police roadblock in Roseburg. The second search occurred after he hit the police officer and ran into a nearby field.

The government argues that Singleton disrupted the local police because the police department had to dispatch its officers two times to try to capture him. The flaw in the government's argument is that it assumes that it is not a normal function of a police department to search for criminals. This is not a situation where a criminal has diverted a government employee away from that employee's normal responsibilities. *See, e.g., United States v. Burns*, 893 F.2d 1343, 1347 (D.C.Cir.) (significant disruption of government function when defendant used unwitting government personnel to divert funds), *cert. granted*, —— U.S. ——, 110 S.Ct. 3270, 111 L.Ed.2d 780 (1990). Here, one of the primary functions of a police department is to apprehend criminals. The police department was not required to do anything more than that when it was called to apprehend Singleton. The amount of resources it dedicated to the job was a decision controlled entirely by the police department. Singleton cannot be charged with significantly obstructing a government function when, in fact, the government was performing exactly as it was supposed to. Of course, that also distinguishes cases where a defendant's offense was so extensive that it caused more disruption than that inherent in the offense. *See United States v. Garcia*, 900 F.2d 45, 48–49 (5th Cir.1990) (largest volume of mail theft that a postal inspector had seen in twenty years). The district court clearly erred when on this record it

---

**2.** Section 5K2.2 states that the "extent of the increase ordinarily should depend on the extent of the injury, the degree to which it may prove permanent, and the extent to which the injury was intended or knowingly risked. When the victim suffers a major, permanent disability and when such injury was intentionally inflicted, a substantial departure may be appropriate...."

departed because Singleton had significantly disrupted a government function.

## CONCLUSION

This is a case involving a person who has made a career of crime. At the time of his sentencing he was just twenty-five years of age and had already amassed enough criminal history points to put himself well into the highest criminal history category. The district court was quite right when it decided that it was warranted to depart on the ground that the category did not properly reflect the seriousness of Singleton's record. However, the district court erred when it found that departure was further justified on the ground that Singleton had inflicted significant physical injury and had significantly disrupted a government function. Since the court should not have departed on those grounds, we must vacate Singleton's sentence. *Nuno–Para*, 877 F.2d at 1414.

We hasten to add that this decision is not intended to preclude the district court from reflecting further upon Singleton's actions—for example, his willingness to assault police officers and the nature of the assault—when the court considers the seriousness of Singleton's criminal history. *See Montenegro–Rojo*, 908 F.2d at 430. Nor do we intend to preclude the district court from directing that the evidentiary record be supplemented at the time of re-sentencing, if it wishes to so do.

Sentence VACATED and case REMANDED for resentencing.