993 F.2d 887
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Anthony WALLS, aka Michael Anthony Fossett,
Defendant-Appellant.
 No. 92-10377.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 12, 1993.
Decided May 13, 1993.
 
 Before: GOODWIN, HUG, and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael A. Walls appeals his sentence under the Sentencing Guidelines following his guilty plea to a violation of 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm. Walls argues that the district court erred by (1) treating two prior sentences as separate rather than "related" for purposes of calculating his criminal history score under U.S.S.G. § 4A1.2, and (2) departing upward from the applicable guidelines range. We affirm in part, reverse in part, vacate Walls' sentence and remand for resentencing.
 
 I. Relatedness of Prior Sentences
 
 3
 Walls argues that the district court erred when it considered the sentences he received on two 1982 convictions as separate sentences for purposes of determining his criminal history score. Walls contends that his 1982 convictions should have been treated as one sentence because they were consolidated for purposes of sentencing, and therefore were "related" under U.S.S.G. § 4A1.2(a)(2). "Whether two prior offenses are related under section 4A1.2 is a mixed question of law and fact that [this court reviews] de novo." United States v. Taylor, 984 F.2d 298, 300 (9th Cir.1993).
 
 
 4
 The applicable version of section 4A1.2(a)(2) of the Sentencing Guidelines provides: "Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of the criminal history." U.S.S.G. § 4A1.2(a)(2). Application note 3 to that section provides that prior sentences are considered related if they "were consolidated for trial or sentencing." U.S.S.G. § 4A1.2(a)(2), comment, (n. 3).
 
 
 5
 While a number of cases repeat the admonition that this court "has not 'definitively established a rule for determining whether cases have been "consolidated" for purposes of § 4A1.2,' " Taylor, 984 F.2d at 300 (quoting United States v. Chapnick, 963 F.2d 224, 228 (9th Cir.1992)), there are some discernible doctrinal principles.
 
 A. Factual Relatedness
 
 6
 Factually unrelated cases "are not related for purposes of section 4A1.2(a)(2) absent a showing that the sentencing court treated the cases as involving a single consolidated offense." United States v. Smith, 982 F.2d 354, 360 (9th Cir.1992). Because Walls' two criminal acts in 1982 were not factually related, Walls must show that the sentencing court somehow treated the two matters as consolidated for sentencing and therefore "related."
 
 B. Indicia of Consolidation
 
 7
 A defendant can show consolidation in two ways: (1) producing a court order or judicial finding of consolidation, see United States v. Davis, 922 F.2d 1385, 1390 (9th Cir.1991), or (2) identifying certain indicia of consolidation. See Chapnick, 963 F.2d at 228 (cases still can be consolidated for purposes of sentencing even where no formal consolidation order entered so long as other indicia indicate that the sentencing judge considered the offenses "related"); see also United States v. Bachiero, 969 F.2d 733, 734 (9th Cir.1992) (same).
 
 
 8
 Because no formal consolidation order was entered by the sentencing court in 1982, Walls must point to other factors that reveal the state court's intention to treat his two 1982 convictions as constructively consolidated for purposes of sentencing, and therefore "related" under U.S.S.G. § 4A1.2. These other factors--indicia of consolidation--include the following: (1) concurrent sentences, if imposed because the sentencing judge considered the offenses somehow related, see Taylor, 984 F.2d at 300; Chapnick, 963 F.2d at 228;[1] (2) sentencing in the same court at the same hearing before the same judge, see Bachiero, 969 F.2d at 734; Chapnick, 963 F.2d at 228;[2] (3) sentencing for all offenses pursuant to a single plea agreement, see Chapnick, 963 F.2d at 228; and (4) the cases shared a single docket number in state court, see Chapnick, 963 F.2d at 228; Davis, 922 F.2d at 1390.
 
 
 9
 When these factors, or indicia of consolidation, are applied to the facts here, it becomes apparent that the district court correctly concluded that Walls' 1982 convictions were separate and not "related" under U.S.S.G. § 4A1.2. While Walls was sentenced for both offenses by the same judge at one sentencing proceeding, none of the other indicia of consolidation are present. Walls did not receive concurrent sentences for the two convictions. Instead, he received two consecutive sentences: two years for theft, and eight months for attempted escape. Moreover, the offenses had different docket numbers and sentencing was not pursuant to a single plea agreement. As in Smith, "[t]he record in this case indicates nothing more than that a single sentencing proceeding was used for reasons of judicial economy. Indeed, by imposing consecutive sentences, the sentencing court ... indicated that it viewed the [crimes] as distinct offenses." 982 F.2d at 360. We therefore conclude that the district court did not err when it concluded that Walls' 1982 convictions were separate rather than "related" when computing Walls' criminal history score.
 
 II. Upward Departure
 
 10
 Walls argues that the district court was unclear as to the reasons for its upward departure. Because he contends that the court provided only a broad and conclusory statement of its grounds for departure, Walls suggests that the sentence should be vacated and the case remanded for more specific findings and resentencing. Further, Walls contends that the district court's factual finding that he had an extensive criminal history involving violence and weapons is clearly erroneous. Finally, Walls argues that the court failed to explain its methodology in arriving at a fifty percent upward departure.
 
 
 11
 We vacate the sentence and remand for (1) more specific findings as to the basis for departure, and (2) an adequate explanation of the district court's methodology for a fifty percent upward departure.
 
 A. Authority to Depart Upward
 
 12
 An upward departure is warranted when "reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3 (Policy Statement). This court has consistently maintained, however, that " 'an upward departure based on the inadequacy of a defendant's criminal history category is proper only in those limited circumstances where the defendant's criminal record is "significantly more serious" than that of other defendants in the same category.' " United States v. Cruz-Ventura, 979 F.2d 146, 150 (9th Cir.1992) (quoting United States v. Streit, 962 F.2d 894, 903 (9th Cir.), cert. denied, 113 S.Ct. 431 (1992)).
 
 
 13
 The district court relied upon § 4A1.3 in departing upward. The court emphasized that Walls had an extensive criminal history, including prior offenses for being a felon in possession of a firearm, and for battery, grand theft (twice), petty theft, escape, and trespass and injury to property. In concluding that Walls was likely to engage in further criminal behavior, the district court also focused on Walls' limited employment history and the fact that he "has been around a lot of violence."
 
 
 14
 We remand for more specific findings because the district court failed to specify the events in Walls' criminal history not adequately represented in the recommended sentence. See United States v. Wells, 878 F.2d 1232, 1233 (9th Cir.1989). Review of the record of Walls' sentencing hearing reveals that the district court did not identify specific aspects of Walls' criminal history that supported the required finding that Walls' criminal record was "significantly more serious" than other defendants within Criminal History Category VI. See United States v. Singleton, 917 F.2d 411, 412 (9th Cir.1990) (court must "specify the particular facts of a defendant's history that illustrate why the defendant is unlike other defendants in the same category").
 
 
 15
 Category VI is the highest of the criminal history categories, and Walls' criminal history score of 13 barely put him in that extreme category. The defendant in Singleton had 21 criminal history points and a far more egregious record, yet this court noted that upward departure was "just barely" permissible. Id. at 413. Even then, this court explained that on remand, the district court should "more particularly clarify the exact basis of its determination." Id. The record here does not reveal a specific finding that Walls' criminal history is "significantly more serious" than other category VI defendants, nor does it clarify the exact basis for such a finding. The district court's factual finding that Walls has an extensive criminal history involving violence and weapons may not be clearly erroneous. Still, Walls' record hardly reveals, on its face, that he is much worse than others in that extreme category. We require a more particular clarification of the district court's basis.[3]
 
 
 16
 B. Method for Determining Amount of Departure
 
 
 17
 Finally, Walls argues that the district court erred when it failed to explain the methodology it used to determine its fifty percent departure figure. We agree, and therefore vacate the sentence and remand.
 
 
 18
 The district court provided only the following explanation for its departure amount:
 
 
 19
 The Guidelines, or the case law, indicates that if we are going up, I should look at the next higher category of something. But in Walls' case, because he is already a Category 6, I don't have a higher category to look to. And, indeed, the commentary on the guidelines indicates that even a level 6 could have an upward departure.
 
 
 20
 So what I think is appropriate is an upward departure of 50 percent of the sentence I would otherwise impose under the guidelines.
 
 
 21
 The government argues that this court reviews the upward departure for "reasonableness," and that the district court's 15-month departure was reasonable under the circumstances. Moreover, the government argues that the district court did explain its methodology: it explained that it based its departure upon a percentage (fifty percent) of the applicable guideline range.
 
 
 22
 This court recently addressed and rejected similar arguments in Cruz-Ventura, 979 F.2d at 150-151. There, as here, the district court had departed upward by fifty percent. This court held:
 
 
 23
 While the degree of departure does not appear excessive on its face and may be reasonable, the district court did not adequately state its reasons for the amount of the departure on the record. The court's decision "should include a reasoned explanation of the extent of the departure founded on the structure, standards and policies of the Act and Guidelines." We could attempt to discern which of the various combinations of upward adjustment of offense characteristics and criminal history led the district court to impose this particular increase. That, however, would be mere speculation on our part and would not assure that sentencing was, in fact, carried out in a proper fashion. Even when the circumstances relied upon for departure are proper, if the reasons given for the extent of the departure are inadequate, we remand for resentencing so that the degree of the departure can be adequately explained.
 
 
 24
 Id. at 150-51 (emphasis added, citations omitted).
 
 
 25
 As in Cruz-Ventura, we find the district court's explanation for the extent of the departure inadequate, and remand for resentencing. Id.
 
 
 26
 Walls' sentence is VACATED and the matter is REMANDED to the district court for resentencing.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The imposition of concurrent sentences, "standing alone, is not dispositive." Davis, 922 F.2d at 1390 (imposition of concurrent sentences does not establish consolidation where defendant sentenced in separate courts under separate docket numbers for separate offenses even though pursuant to one plea agreement); see also Taylor, 984 F.2d at 300; Smith, 982 F.2d at 360
 
 
 [2]
 But cf. Smith, 982 F.2d at 360 (otherwise unrelated cases not consolidated for sentencing when single sentence proceeding before same judge used for reasons of judicial economy)
 
 
 [3]
 Walls also suggests that the court was unclear as to the grounds for its departure because, notwithstanding the court's clear statement at the sentencing hearing, the written statement of reasons the court provided in the judgment merely stated that "the calculated range does not properly reflect the defendant's criminal history, particularly in regard to matters of violence and weapons." This technical argument is without merit or caselaw support