5 F.3d 542
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Mario MENDOZA-LOPEZ, Defendant-Appellant.
 No. 91-10600.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Decided Sept. 1, 1993.
 
 Appeal from the United States District Court for the District of Arizona, No. CR-90-00273-RMB; Richard M. Bilby, Chief Judge, Presiding.
 D.Ariz.
 VACATED AND REMANDED.
 Before: PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mario Mendoza-Lopez appeals his 60-month sentence, following a bench trial, for illegal reentry after deportation in violation of 8 U.S.C. Sec. 1326(b)(1). Mendoza-Lopez contends the district court erred by: (1) departing upward from the applicable Guidelines range without specifying those events in his criminal history that the court found underrepresented; and (2) failing to explain the extent of its departure by analogizing to higher criminal history categories. We have jurisdiction under 28 U.S.C. Sec. 1291 and vacate and remand.
 
 
 3
 We use a three-prong test to review a district court's decision to depart upward from the Guidelines range: first, we review de novo whether the district court correctly relied upon an unusual or aggravating circumstance not adequately taken into account by the Guidelines; second, we review for clear error any factual findings supporting the existence of the unusual circumstance; and third, we review for abuse of discretion the extent of the upward departure. United States v. Streit, 962 F.2d 894, 901-02 (9th Cir.), cert. denied, 113 S.Ct. 431 (1992).
 
 
 4
 * Authority to Depart/Factual Findings
 
 
 5
 Mendoza-Lopez's argument is couched in part as a challenge to the district court's failure to make factual findings. Our examination of his opening and reply briefs, however, indicates that he does not dispute the existence of the circumstances relied on by the district court as the basis for departure, but whether the court adequately explained why these circumstances justified departure. We reject this argument.
 
 
 6
 The district court may depart upward from the applicable Guidelines range when "reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct." U.S.S.G. Sec. 4A1.3, p.s.; Streit, 962 F.2d at 903. In ordering an upward departure, the court must specify the events in the defendant's criminal history that the court found inadequately represented. United States v. Singleton, 917 F.2d 411, 412 (9th Cir.1990).
 
 
 7
 Here, the presentence report indicated that Mendoza-Lopez had 11 prior convictions, 7 prior arrests, and a number of prior deportations and probation violations which were not reflected in his criminal history. The district court concluded that Mendoza-Lopez's criminal history was significantly more serious than most defendants who are classified with a criminal history category of VI. The court cited Mendoza-Lopez's extensive criminal history, his continued involvement in crime, and his prior probation violations as evidence that his criminal history category did not reflect his propensity to commit crime. These circumstances are sufficient bases for departure. See United States v. Durham, 995 F.2d 936, 939 (9th Cir.1993) (district court properly relied upon defendant's four probation violations in departing upward); Singleton, 917 F.2d at 413 (upward departure justified by defendant's pattern of consistent criminal conduct of accelerating seriousness); United States v. Gayou, 901 F.2d 746, 748 (9th Cir.1990) (upward departure justified by facts that defendant had three prior probation revocations and an outstanding bench warrant for absconding from probation, was pending trial and sentencing in several forums, and was involved in criminal activity that did not result in convictions). We conclude that the district court adequately explained the reasons why Mendoza-Lopez's criminal history justified departure. See Singleton, 917 F.2d at 413. Therefore, the first two prongs of the test are satisfied. See United States v. Lira-Barraza, 941 F.2d 745, 746-47 (9th Cir.1991) (en banc).
 
 II
 Extent of Departure
 
 8
 Mendoza-Lopez also contends that the district court erred by not explaining its reasons for the extent of the upward departure. We agree.
 
 
 9
 Here, based upon an offense level of 14 and criminal history category of VI, Mendoza-Lopez's sentencing range was 37 to 46 months. See U.S.S.G. Sec. 5A. The district court departed upward by 14 months, imposing a 60-month sentence. The district court, however, failed to provide any "reasoned explanation" for the extent of the upward departure. Lira-Barraza, 941 F.2d at 751.
 
 
 10
 Because the district court failed to tie the extent of the departure to the Guidelines, we vacate the sentence and remand the case for resentencing. Id. The district court is instructed to provide "a reasoned explanation ... [for] the extent of the departure founded on the structure, standard and policies of the ... Guidelines." See Lira-Barraza, 941 F.2d at 751.
 
 
 11
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3