32 F.3d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David D. STERNS, Defendant-Appellant.
 No. 92-50208.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 13, 1994.
Decided Aug. 3, 1994.
 
 1
 Before: REINHARDT and NOONAN, Circuit Judges; TANNER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 I. INTRODUCTION
 
 3
 David Sterns challenges the 57-month sentence imposed on him after his plea of guilty to a three-count Information arising from his involvement in a multi-level marketing scheme to produce and distribute Le Patch, a diet aid.[1] Sterns argues that an upward departure imposed pursuant to Sentencing Guidelines Sec. 4A1.3 was improper because the district court failed to adequately state its reasons for departure on the record. Sterns further contends that the departure based on prior SEC violations was improper because the Securities and Exchange Commission (SEC) cases and investigations were part of the same fraudulent conduct to which he pled guilty. We vacate Sterns' sentence and remand for resentencing.
 
 JURISDICTION
 
 4
 This court has jurisdiction pursuant to 28 U.S.C. Sec. 1291, and 18 U.S.C. Sec. 3742(a) because the district court departed upward from the guideline range.
 
 STANDARD OF REVIEW
 
 5
 We review the district court's decision to depart upward under the three-part test established in United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991) (en banc). First, we review de novo whether the district court had legal authority to depart. Second, we review for clear error the factual findings supporting the existence of an aggravating circumstance. Third, we review for reasonableness the extent of the upward departure. United States v. Smallwood, 3 F.3d 1217, 1218 (9th Cir.1993).
 
 II. DISCUSSION
 
 6
 A district court has legal authority to depart only if it identifies an aggravating circumstance "not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines." 18 U.S.C. Sec. 3553(b) (1988); see Lira-Barraza, 941 F.2d at 746.
 
 
 7
 Guidelines Sec. 4A1.3 states: "If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range."[2] U.S.S.G. Sec. 4A1.3 (1991).
 
 
 8
 Such "reliable information" may include "prior similar misconduct established by a civil adjudication or by a failure to comply with an administrative order." U.S.S.G. Sec. 4A1.3(c). Thus, Sec. 4A1.3 provides the district court with the legal authority to depart.
 
 
 9
 Our next step is to determine whether the facts identified by the district court as grounds for departure are clearly erroneous.
 
 
 10
 Departure based on the inadequacy of defendant's criminal history category or likelihood of future crimes is only appropriate when defendant's criminal history is significantly more serious than that of other defendants in the same criminal history category. U.S.S.G. Sec. 4A1.3; United States v. Singleton, 917 F.2d 411, 412 (9th Cir.1990).
 
 
 11
 The Policy Statement to Guidelines Sec. 4A1.3 lists examples of circumstances where a defendant's criminal history may be regarded as significantly more serious than his criminal history category, including the case of a defendant who "had a similar instance of large scale fraudulent misconduct established by an adjudication in a Securities and Exchange Commission enforcement proceeding." [See Guidelines Sec. 4A1.3 Policy Statement (3) ].
 
 
 12
 At the commencement of the sentencing proceeding, the district court stated:
 
 
 13
 [T]he district court adopts the relevant factual matters that are set out in the presentence investigative report, together with the material that has been supplied in explanation and contest of that back and forth on both sides, and found that none of the contests had to be resolved by factual findings in order to have specific bearing on the sentencing question.[3]
 
 
 14
 The relevant factual matters set out in the presentence report and adopted by the Court included findings regarding a civil adjudication against Defendant for violations of the anti-fraud and registration provisions of the Federal Securities Laws, and the entry of a permanent injunction prohibiting Defendant from committing further violations of the Federal Securities Laws. (Presentence Report, No. 114-116). The district court's adoption of these facts was not clearly erroneous.
 
 
 15
 A district court may adopt a presentence report that has made specific findings supporting the decision to depart. United States v. Singleton, 917 F.2d 411, 412 (9th Cir.1990).
 
 
 16
 In this case, however, the presentence report did not make a recommendation for upward departure. In fact, the report suggested that further factual findings needed to be made by the court in order to justify departure on the basis of Defendant's prior SEC adjudications.[4]
 
 
 17
 The district court then departed, stating its reasons for departure as follows:
 
 
 18
 This court is of the view that it is appropriate to have an upward departure in this case. The reasons for that upward departure are those contemplated by section 4A1.3 and the argument counsel has made.
 
 
 19
 The prior SEC adjudication is appropriate to consider. The other factors that counsel has mentioned in his argument are appropriate to consider and form a proper basis and a proper reasoning that the court finds do justify the upward departure in this situation. I adopt the analogy that counsel reaches to arrive at the appropriate sentencing level.
 
 
 20
 Findings made by the district court to support an upward departure must be sufficiently specific to afford meaningful appellate review. United States v. Wells, 878 F.2d 1232, 1233 (9th Cir.1989); United States v. Cervantes-Lucatero, 889 F.2d 916, 918 (1989).
 
 
 21
 A review of counsel's arguments reveals that the determination that Defendant's criminal history was significantly more serious than most category I defendants was based on: 1) a prior SEC adjudication that proceeded by default; 2) the fact that defendant violated a consent decree enjoining him from further SEC violations; and 3) Defendant's likelihood of recidivism.
 
 
 22
 Because of the district court's failure to determine whether the prior civil SEC adjudication is based on the same course of conduct for which Defendant was convicted, this matter must be remanded for resentencing.
 
 
 23
 Until that issue is resolved, we are unable to review whether the departure was permissible. Likewise, we need not reach the issue of reasonableness of the departure at this time.
 
 Acceptance of Responsibility
 
 24
 The district court's determination that defendant did not accept responsibility is reviewed for clear error. United States v. Restrepo, 930 F.2d 705, 710 (9th Cir.1991).
 
 
 25
 A sentencing judge's determination of a defendant's acceptance of responsibility is entitled to great deference on review, and will not be disturbed unless it is without foundation. United States v. Smith, 905 F.2d 1296, 1301 (9th Cir.1990). Defendant bears the burden of showing that he did accept responsibility. United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990).
 
 
 26
 Sentencing Guidelines Sec. 3E1.1 provides for a two-point reduction in offense level "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct."
 
 
 27
 A reduction for acceptance of responsibility is properly denied in the case of a defendant who minimizes his culpability. Smith, 905 F.2d at 1302 (9th Cir.1990).
 
 
 28
 In recommending against finding acceptance, the Probation Officer noted that defendant stated, among other things, that he was guilty, but not "guilty as charged"; that he pleaded guilty to the income tax evasion count only because he did not file his taxes in a timely manner; and that he never sold "placebo patches" at any time. At sentencing, the defendant claimed that the government agents had "distorted" and "twisted" evidence and relied on "an innuendo or a cast of aspersions." In light of defendant's statements, the court concluded that no reduction for acceptance was warranted.
 
 
 29
 Defendant's reliance on United States v. Gonzales, 6 F.3d 1415, (9th Cir.1993) is misplaced. The court in Gonzales found that the district court's denial of a reduction for acceptance was improperly based on defendant's motive for committing the crime, when defendant had fully admitted his involvement in the crime. Here, Sterns has simply denied the full extent of his criminal conduct. The district court did not clearly err in denying a two-point reduction for acceptance.
 
 
 30
 Presence of Counsel During Presentence Interview
 
 
 31
 Defendant alleges that his sentence must be vacated because he did not have an attorney present during the presentence interview.
 
 
 32
 The presentence interview is not a "critical stage" of the adversary proceeding at which consultation with counsel is guaranteed by the Sixth Amendment. United States v. Baumann, 692 F.2d 565, 577-78 (9th Cir.1982). In United States v. Herrera-Figueroa, 918 F.2d 1430 (9th Cir.1990), this court held that a probation officer must honor a defendant's request to have counsel present at the presentence interview. Id. at 1434.
 
 
 33
 Here, however, defendant fails to show that he had ever requested the presence of counsel at the presentence interview. Under these circumstances, defendant can demonstrate no error requiring remand under Herrera-Figueroa.
 
 
 34
 Based on the foregoing, we AFFIRM in part, VACATE in part and REMAND for RESENTENCING.
 
 
 
 *
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Defendant pled guilty to one count of mail fraud, 18 U.S.C. Sec. 1346; one count of securities fraud, 15 U.S.C. Secs. 77q(a) and 77(x); and one count of tax evasion, 26 U.S.C. Sec. 7201
 
 
 [2]
 Repetitive conduct was explicitly found to be a factor not adequately considered by the Guidelines in United States v. Montenegro-Rojo, 908 F.2d 425, 429 (9th Cir.1990)
 
 
 [3]
 The court made it clear that it was referring to matters other than the upward departure and obstruction of justice issues. [Appellee's Excerpts of Record (A.E.R.) 4-6]
 
 
 [4]
 The presentence report at page 2 states, in part: "Section 4A1.2(a)(2) states that 'prior sentences imposed in related cases are to be treated as one sentence for purposes of the criminal history.' Therefore, the Court may wish to determine the degree to which the prior civil adjudications which the Government seeks to use in enhancing the defendant's criminal history score address ... the same conduct for which the defendant has been convicted in the instant criminal matter."