46 F.3d 1148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee
v.
Anthony Brian SPENCER, Defendant-Appellant
 No. 94-10266.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 13, 1995.*
Decided: Feb. 1, 1995.
 
 Before: ALDISERT**, CHOY and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Anthony Brian Spencer appeals his sentence on the ground that the district court improperly departed upward under Section 4A1.3 of the Sentencing Guidelines. That section permits a departure if the defendant's criminal history category under the Guidelines inaccurately reflects his prior criminal conduct. We affirm.
 
 I.
 
 3
 Spencer pleaded guilty to the charge of interstate transportation of stolen goods. 18 U.S.C. Sec. 2314.
 
 
 4
 Under the Sentencing Reform Act, 18 U.S.C. Secs. 3551-3586, the district court must consider at sentencing both the nature of the defendant's offense and his overall criminal history. Spencer's offense level of nine and criminal history category of I (zero criminal history points) yielded a Guidelines sentence of four to ten months.
 
 
 5
 The presentence report, however, recommended an upward departure based on the belief that Spencer's criminal history category significantly under-represented the seriousness of his criminal history. The report stated that Spencer had twenty-six prior convictions in England for theft and theft-related offenses. Furthermore, the report noted that had Spencer committed these offenses in the United States, he would have had a total of 17 criminal history points, placing him in Criminal History Category VI, and yielding a Guidelines sentence of 21 to 27 months. This information about Spencer's foreign convictions was provided by Scotland Yard and was uncontested by Spencer.
 
 
 6
 At the sentencing hearing, the district court relied on the information contained in the presentence report and found that the convictions "for theft and theft-related crimes indicate that he is, I think, a serious recidivist risk." ER 16. The court then departed upward to Criminal History Category IV, yielding a Guidelines sentence of 12 to 18 months. Spencer was sentenced to 18 months imprisonment, and he now appeals.
 
 II.
 
 7
 At the sentencing hearing, Spencer objected to the use of his prior convictions in England to determine his sentence for interstate transportation of stolen goods. Spencer now contends that the district court failed to articulate the reasons for its departure sufficiently. He also argues that the departure was unreasonable because "[t]he district court made no attempt to follow any methodology or apply any reasonable basis for the extent of the departure." Brief for Appellant at 11. For these reasons, Spencer contends that we should vacate the sentence and remand for resentencing.
 
 
 8
 The district court had jurisdiction pursuant to 18 U.S.C. Sec. 3231. We have jurisdiction pursuant to 18 U.S.C. Sec. 3742. We review departures from the Sentencing Guidelines under the three-part test of United States v. Lira-Barraza, 941 F.2d 745 (9th Cir. 1991) (en banc). First, we determine whether the trial court had the legal authority to depart. Id. at 746. Second, we review for clear error the factual findings in support of the aggravating circumstance identified by the district court as a basis for departure. Id. at 746-47. Finally, we review the reasonableness of the extent of the district court's departure "in light of the structure, standards and policies of the Act and Guidelines." Id. at 751. The district court must explain the reasoning for both the direction and degree of its departure in sufficiently specific language to allow us to conduct a meaningful review. Id.; 18 U.S.C. Sec. 3553(c)(2).
 
 A.
 
 9
 The Guidelines permit a court to depart if it finds that a defendant's criminal history category does not adequately reflect the defendant's "past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. Sec. 4A1.3. As a general rule, an upward departure is warranted only "when the criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes." Id. (emphasis added). Such a departure is appropriate only in an unusual case, because the criminal history category of the Sentencing Guidelines is designed expressly to account for a defendant's prior criminal conduct. United States v. Singleton, 917 F.2d 411, 412 (9th Cir. 1990).
 
 
 10
 Pursuant to U.S.S.G. Sec. 4A1.2(h), foreign sentences cannot be counted in computing a defendant's criminal history category. However, if reliable information shows that the criminal history category under-represents the seriousness of the defendant's prior criminal conduct or the probability of recidivism, a sentencing court may depart upward from the applicable Guidelines range. The Guidelines expressly provide for an upward departure on the basis of foreign convictions: "Sentences resulting from foreign convictions are not counted [in determining criminal history], but may be considered under Sec. 4A1.3 (Adequacy of Criminal History Category)." U.S.S.G. Sec. 4A1.2(h). In addition, "[T]he court may consider imposing a sentence departing from the otherwise applicable guideline range. Such information may include ... prior sentence(s) not used in computing the criminal history category (e.g., sentences for foreign and tribal offenses)." U.S.S.G. Sec. 4A1.3(a); see United States v. Ford, 989 F.2d 347, 351 (9th Cir. 1993); United States v. Soliman, 889 F.2d 441, 444 (2d Cir. 1989); United States v. Rodriguez, 882 F.2d 1059, 1067 (6th Cir. 1989), cert. denied, 493 U.S. 1084 (1990).
 
 
 11
 The district court's upward departure, therefore, was expressly authorized by the Sentencing Guidelines.
 
 B.
 
 12
 On review, we do not search the record for permissible reasons for departure; instead, we analyze the reasons actually given by the district court. 18 U.S.C. Sec. 3742(e)(3)(B); United States v. Cervantes-Lucatero, 889 F.2d 916, 918 (9th Cir. 1989). If a court departs based on criminal history, we require it to specify the particular facts of a defendant's history that illustrate why the defendant is unlike other defendants in the same category. 18 U.S.C. Sec. 3553(c)(2); United States v. Ramirez-Acosta, 895 F.2d 597, 601 (9th Cir. 1990). However, the district court may build the appropriate factual record by adopting a presentence report that has made specific findings of fact that support the decision to depart. United States v. Rigby, 896 F.2d 392, 394 (9th Cir. 1990).
 
 
 13
 The presentence report and district court concluded that Spencer's criminal history was significantly more serious than most defendants who are classified with a criminal history of I. See U.S.S.G. Sec. 4A1.3 ("Category I is set for a first offender with the lowest risk of recidivism."). The court based this finding on Spencer's long record of criminal convictions obtained in England. Isolating twelve of Spencer's twenty-six English convictions, the court stated:
 
 
 14
 The defendant has received sentences of imprisonment between 12 and 18 months in prison for the following crimes, all of them dealing with theft. Theft of property from a shop display ... [, s]tealing a washing machine ... [, a]ttempted shop breaking ..., handling stolen driver's license, ... theft of men's suits, ... and shoplifting. ... In addition, the defendant has three other sentences of 9 months and three others of 6 months for burglary and other theft-related crimes in his prior history.
 
 
 15
 ER 15.
 
 
 16
 We conclude that the facts found by the district court and based on the presentence report are not clearly erroneous. Indeed, Spencer does not contest the accuracy of these facts. Moreover, these facts provide ample justification for a departure from the Guidelines on the basis of Spencer's criminal history and his foreign convictions.
 
 C.
 
 17
 Having concluded that the district court's decision to depart from the Guidelines was based upon consideration of permissible facts, we now must ascertain whether the degree of departure was reasonable in light of the structure, standards and policies of the Guidelines. 18 U.S.C. Sec. 3742(e)(3); United States v. Pearson, 911 F.2d 186, 190-91 (9th Cir. 1990); Lira-Barraza, 941 F.2d at 751. The statute does not mean every possible sentence but one is "unreasonable"--a reasonableness standard assumes a range of permissible sentences. We give weight to the district court's choice within a permissible range.
 
 
 18
 The Guidelines state that a court departing on the basis of the inadequacy of a defendant's criminal history category should "use, as a reference, the guideline range for a defendant with a higher ... criminal history category." U.S.S.G. Sec. 4A1.3; see United States v. Montenegro-Rojo, 908 F.2d 425, 431 (9th Cir. 1990) ("Appellant has no right to use of any particular analogy."). Although Section 4A1.2 states that foreign convictions may not influence a defendant's criminal history score, Section 4A1.3 provides that departures shall be measured by the method used to calculate that score. See U.S.S.G. Sec. 4A1.3.
 
 
 19
 The district court conservatively followed this method in determining the extent of the departure. As the presentence report set forth, and as the district court repeatedly noted at sentencing, Spencer would have been placed in Criminal History Category VI if he had been convicted of these crimes in the United States. The district court did not, however, mechanically convert the English convictions into American convictions, and blindly depart to that category:
 
 
 20
 It's difficult to compare offenses and sentences under different penal systems, and I understand that. Nevertheless, the fact of the matter is that this defendant's numerous foreign convictions for theft and theft-related crimes indicate that he is, I think, a serious recidivist risk and that a criminal history category of I clearly I think under-represents the seriousness of his prior criminal conduct. ***
 
 
 21
 I'm going to upward depart, but I'm going to upward depart to ... a category IV.
 
 
 22
 ER 16, 29.
 
 
 23
 This is a case involving a person who has made a career of crime. The district court did not act "unreasonably" when it decided that it was warranted in departing on the ground that the category did not properly reflect the seriousness of Spencer's record. Nor did it act unreasonably in concluding that Spencer's criminal history more closely resembled a Category IV rather than a Category I. Therefore, the Guidelines range under Category IV was correctly used to guide the district court's departure.
 
 III.
 
 24
 For the reasons enumerated above, we affirm the sentence imposed by the district court.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R. App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3