**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Richard Louis DURHAM, a/k/a Richard L. Durham, Richard Durham, and Rick Durham, Defendant–Appellant.**

No. 92–30080.

United States Court of Appeals,
Ninth Circuit.

Submitted * June 7, 1993.

Decided June 15, 1993.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P.

34(a); Ninth Circuit Rule 34–4.

John T. Johnston, Corette, Pohlman, Allen, Black & Carlson, Butte, MT, for defendant-appellant.

Bernard F. Hubley, Asst. U.S. Atty., Helena, MT, for plaintiff-appellee.

Before: WRIGHT, FARRIS and D.W. NELSON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge.

Richard Louis Durham appeals his sentence for possession with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1), and possession of a firearm in relation to a drug trafficking offense, 18 U.S.C. § 924(c)(1). In *United States v. Durham*, 941 F.2d 858 (1991), we vacated his prior sentence and remanded for resentencing because the court failed to articulate its reasons for departure.

This appeal arises from that resentencing. On remand, the court departed upward 85 months from the prescribed Guidelines range and imposed a 210–month sentence for drug possession. It also sentenced him to an additional five years for the firearm possession. Durham challenges the court's basis for departure and the reasonableness of his sentence. We affirm.

## I

We follow the three-part test enunciated in *United States v. Lira–Barraza*, 941 F.2d 745, 746–747 (9th Cir.1991) (en banc) when reviewing a departure from the Sentencing Guidelines' range. We review (1) de novo whether the court identified an aggravating circumstance of a kind or degree not adequately taken into account by the Sentencing Commission, (2) for clear error the court's factual findings supporting the existence of the aggravating circumstance, and (3) for abuse of discretion whether the extent of the departure was reasonable. *Id.*

The court premised its decision to depart upward on four aggravating factors: (1) five misdemeanor convictions not automatically included under U.S.S.G. § 4A1.1(c), (2) six prior convictions involving assaultive or combative conduct, (3) Durham's continual involvement in crime, and (4) four probation violations. Durham challenges reasons two and four.

## A. Prior Convictions

■ He asserts that the court improperly relied on arrest records for three of the offenses, which involved assaultive or combative conduct against police officers. We disagree.

A sentencing court may depart upward if based on "reliable information" it identifies a circumstance not adequately reflected by the defendant's criminal history category. U.S.S.G. § 4A1.3; *see United States v. Montenegro–Rojo*, 908 F.2d 425, 430 (9th Cir. 1990). A court may not consider a "prior arrest record itself" in departing from the applicable guideline range. U.S.S.G. § 4A1.3; *see United States v. Cota–Guerrero*, 907 F.2d 87, 90 (9th Cir.1990).

The court adopted the presentence report and its author's testimony. Contrary to Durham's assertion, the presentence report was based primarily on Probation Officer Corbett's review of police records as well as earlier presentence reports, not arrest records.[1] During the sentencing hearing, the judge sought to clarify what information Corbett used as a basis for his presentence report.

Both court and counsel questioned Corbett at length regarding the difference between an arrest record and a police report. Corbett emphasized that he relied on police records,

> They're all police records ... [W]e didn't include any police record [in Durham's presentence report] that did not follow through the entirety of the system. Therefore, we did not describe any conduct that was not judicially processed.

The judge further inquired of the witness, "If it's only an arrest record, that's not enough." Corbett replied, "No, it's not ... It was reports related to arrests that were processed and became convictions."

The police records detailed his underlying conduct during each offense. The court explained that this conduct involved violence directed at police officers. The conduct was substantially different from the offenses charged. The court concluded that it was not reflected in Durham's correlating criminal history level. We hold that the court identified proper circumstances not ade-

---

1. At the sentencing hearing, the author of the presentence report distinguished a police report from an arrest record. A police report covers all aspects of a prosecuted offense. The latter simply records an arrest.

quately considered by the Sentencing Commission.

## B. Probation Violations

■ Durham argues that the court improperly relied upon his June 27, 1988 probation violation in departing upward. He maintains that the court already considered this violation when it added two points to his criminal history, U.S.S.G. § 4A1.1(d), and that this additional reliance constituted forbidden "double counting."

■ A sentencing court may not base its departure on factors already considered by the Guidelines. *United States v. Nuno-Para,* 877 F.2d 1409, 1413–14 (9th Cir.1989). Yet, we condone "multiple uses of a particular aspect of a defendant's past behavior ... where each invocation of the particular behavior serves a unique purpose under the Guidelines." *United States v. Starr,* 971 F.2d 357, 361 (9th Cir.1992).

In *Starr,* we upheld a court's sentencing calculations based on the same issue. We reasoned that § 4A1.1(d) considered one's *probation status* to measure recidivism and did not require that probation be violated. *Id.* On the other hand, the court departed upward under § 4A1.3(d) because the offense at issue was more severe due to the additional offense of *violating* the probation. *Id.*

As in *Starr,* Durham's probation violation was not reflected in his criminal history level. The sentencing court included Durham's probation status to calculate his criminal history to measure recidivism. The court then used the *probation violation* as a basis for departure because it indicated that his "criminal history significantly under-represent[ed] ... the likelihood that [he would] commit further crimes." U.S.S.G. § 4A1.3. We hold that the court properly considered his actual probation violation for upward departure.

■ Next, Durham argues that the court lacked sufficient evidence to support the presentence report findings that he violated his September 26, 1976 and September 8, 1980 probations. Although he was arrested during these two probation terms, Durham contends that the presentence report failed to present information regarding the terms and conditions of his probations and any resulting adjudications. His argument is meritless.

■ The district court applies a preponderance of the evidence standard in determining relevant sentencing facts. *McMillan v. Pennsylvania,* 477 U.S. 79, 91, 106 S.Ct. 2411, 2419, 91 L.Ed.2d 67 (1986); *United States v. Restrepo,* 946 F.2d 654, 655–57 (9th Cir.1991) (en banc), *cert. denied,* —— U.S. ——, 112 S.Ct. 1564, 118 L.Ed.2d 211 (1992). Under this standard, a sentencing court must be convinced "by a preponderance of the evidence that the fact in question exists." *Restrepo,* 946 F.2d at 661 (internal quotation omitted).

Durham offered no evidence to contradict the presentence report's findings. At the sentencing hearing, the court found that the presentence report proved that Durham had violated his probations. It explained

> when an individual is on probation for a particular conviction and that is an established fact, and next it is an established fact that he is again convicted of a crime during the time of that probation, it follows ... that there is a probation violation.

It was not clear error for the court to find that Durham had violated prior probation terms.

## C. Reasonableness of the Extent of Departure

■ Durham's adjusted base offense level was 24 and his criminal history category topped the chart at VI. The court departed upward 85 months from the recommended sentencing range of 100–125 months and imposed a 210–month sentence. Durham asserts that this degree of departure was unreasonable.

When departing upward because a defendant's criminal history category underrepresents his past criminal conduct, a court must analogize to higher criminal history categories. U.S.S.G. § 4A1.3; *United States v. Streit,* 962 F.2d 894, 905 (9th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 431, 121 L.Ed.2d 352 (1992). Because Durham was in category VI, the court could not engage in this required departure by analogy.

The Guidelines recognized that an upward departure from a Category VI may be warranted when that category inadequately reflects egregious criminal records. U.S.S.G. § 4A1.3. Yet it does not explain how courts should depart in these instances.

In departing upward, the court used the mathematical method applied by the Seventh and Tenth Circuits in *United States v. Schmude*, 901 F.2d 555, 560 (7th Cir.1990) and *United States v. Jackson*, 921 F.2d 985, 993 (10th Cir.1990). It added one level for each of its four reasons for departure and arrived at a criminal history level of X. Next, it used the ten to fifteen percent sentencing range increment found between one criminal history category to the next higher category. *Schmude*, 901 F.2d at 560. The court calculated a sentencing range of 173–216.

We have considered this horizontal extrapolation as a viable option. *Streit*, 962 F.2d at 905–06. Respecting the Commission's intention not to impose any one formula for post-category VI departures, we are reluctant to mandate that courts adhere to a specific approach. *Id.* at 906.

The court's departure method preserves the "relationship that the Sentencing Commission has determined should prevail between a defendant's criminal history and the severity of his sentence." *Id.* The court identified permissible grounds for departure. It followed a "reasonable, articulated methodology consistent with the purposes and structure of the guidelines to justify the degree of departure." *United States v. Beck*, 992 F.2d 1008, 1009 (9th Cir.1993) (per curiam) (inner quotations omitted). We find the degree of departure is reasonable and uphold Durham's sentence.

Because we affirm the sentence, we need not address Durham's request for a new judge on remand.

**AFFIRMED.**