28 F.3d 108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Scott DALY, Defendant-Appellant.
 No. 93-50439.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1994.*
Decided June 27, 1994.
 
 Before: FARRIS, O'SCANNLAIN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Daly appeals his 359-month sentence.[1]
 
 
 3
 * Daly argues that the four-point increase for being an armed career criminal under Sec. 4B1.4 of the United States Sentencing Commission, Guidelines Manual (Nov. 1989), was inappropriate. The government agrees that there was no basis for this increase and that the case should be remanded for resentencing. We therefore reverse and remand for appropriate disposition by the district court.
 
 II
 
 4
 Daly also maintains that the circumstances articulated by the district court as justifying an upward departure are inadequate. The district court, adopting the presentence report ("PSR"), noted four bases for departure: Daly's criminal history category's under-representation of his past criminal conduct, multiple victims, wanton disregard for public safety, and callous post-arrest statement.
 
 
 5
 "A sentencing court may depart upward if based on 'reliable information' it identifies a circumstance not adequately reflected by the defendant's criminal history category." United States v. Durham, 995 F.2d 936, 938 (9th Cir.1993) (citation omitted). An upward departure is proper "where the defendant's criminal record is significantly more serious than that of other defendants in the same category." United States v. Streit, 962 F.2d 894, 903 (9th Cir.1992) (quotation omitted). Here, the district court and the PSR stated that Daly's criminal history score was at least 20. This score placed him in criminal history category VI, the highest category. Since the minimum criminal history score necessary to be placed in category VI is 13, Daly's score of at least 20 and his extensive history of serious felonies indicate that the district court did not err in finding that his record was much worse than the usual category VI offender. See id at 904. Thus, we conclude that the under-representation of Daly's criminal history was a proper basis for departure.[2]
 
 
 6
 Although the district court approved of the other three bases for departure, its calculation of Daly's sentence shows that it did not use these three factors to increase his offense level or criminal history category. The district court used only the under-representation of criminal history factor as a basis for increasing Daly's criminal history category. Therefore, the district court's approval of the other three bases, if in error, was harmless. United States v. McAninch, 994 F.2d 1380, 1389 (9th Cir.1993). "Even if one of the district court's reasons for departure was invalid, the sentence can be reasonable provided that the remaining reasons are sufficient to justify the magnitude of the departure." Id. As discussed below, we conclude that the under-representation of Daly's criminal history was sufficient to justify the magnitude of departure.
 
 III
 
 7
 Daly claims that the extent of departure was unreasonable. Before the departure, Daly's guideline range was 210-262 months imprisonment. To account for the criminal history under-representation, the district court increased Daly's criminal history category from VI to a hypothetical category IX. The district court then increased the sentencing range by ten to fifteen percent for each category between VI and IX, resulting in a new guideline range of 287-359 months imprisonment. We have approved of this method of horizontal extrapolation, see Durham, 995 F.2d at 940, and find no fault with it here. We conclude that the extent of departure was reasonable and that the district court adequately explained how it reached its sentence.
 
 IV
 
 8
 Finally, Daly charges the prosecutor and district court with vindictiveness, claiming that he received a harsher sentence after he exercised his right to appeal. At his first sentencing, the government asked for a sentence of 500 months imprisonment. On resentencing, the government recommended a sentence of 359 months imprisonment. Since there is no support for the claim that the government sought a harsher sentence after Daly's appeal, we reject the claim of vindictiveness.
 
 
 9
 AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR RESENTENCING.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Daly's appeal of the determination that he should be sentenced under the Armed Career Criminal Act of 1984, 18 U.S.C. Sec. 924(e), is addressed in a separate opinion
 
 
 [2]
 Daly also argues that the district court's use of his past criminal history to establish his criminal history category and to justify an upward departure was double counting. This is wrong. The district court rightly concluded that Daly's past criminal history was so egregious that it was inadequately reflected in his criminal history category, thus justifying a departure. Durham, 995 F.2d at 940