29 F.3d 636
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terrance KINARD, Defendant-Appellant.
 No. 93-30373.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 25, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Terrance Kinard pled guilty to conspiracy to possess with intent to distribute crack cocaine, in violation of 18 U.S.C. Sec. 371. On appeal, Kinard argues that the district court erred in sentencing him to 33 months in prison. We have jurisdiction under 18 U.S.C. Sec. 3742(a). We affirm.
 
 
 3
 * Kinard first contends that the district court erred in departing upward from the prescribed Sentencing Guidelines range. We review de novo whether the court properly identified an aggravating circumstance not accounted for by the Sentencing Commission; we review for clear error the factual findings supporting the existence of the aggravating circumstance. United States v. Durham, 995 F.2d 936, 938 (9th Cir.1993).
 
 
 4
 On the basis of Kinard's prior convictions, the district court initially determined that Kinard had a Criminal History Category of III. However, the court concluded that the category did not accurately reflect Kinard's history of criminal activity. In departing upward to a Criminal History Category of IV, the court considered the presentence report's description of the following three incidents: (1) a January 9, 1989 arrest for beating up a girlfriend who refused to prostitute herself to support Kinard's drug habit; (2) a July 11, 1992 arrest for participating in crack cocaine sales; and (3) an August 23, 1988 arrest for being under the influence of a controlled substance.
 
 
 5
 Kinard contends that the court should not have relied on the report's discussion of the 1992 and the 1988 arrests. We reject the argument. A district court may depart from the otherwise applicable guideline range "if reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. Sec. 4A1.3. Although a court may not base its departure on an arrest record, which "simply records an arrest," it may rely on police reports or earlier presentence reports, which identify the conduct underlying each arrest. Durham, 995 F.2d at 938 & n. 1.[1] Kinard's presentence report described the conduct underlying his prior arrests. We are satisfied that the court considered Kinard's conduct, not merely the fact that he had been arrested.
 
 
 6
 Kinard also contends that the information contained in the presentence report lacked "sufficient indicia of reliability." Section 6A1.3 of the Sentencing Guidelines states that a "court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy" (emphasis added).
 
 
 7
 It was not clear error for the district court to consider the conduct described in the presentence report. Stating only that the report's findings were "uncorroborated," Kinard raised generalized and unsubstantiated allegations about the report's reliability. He "offered no evidence to contradict the presentence report's findings." Durham, 995 F.2d at 939; cf. United States v. Garfield, 987 F.2d 1424, 1428 & n. 3 (9th Cir.1993) (remanding because, among other things, while the presentence report indicated that the defendant had been arrested for burglary in Los Angeles on May 20, 1960, he contended that he had been in custody in Colorado on that date).
 
 II.
 
 8
 Kinard had a final offense level of 14. Once the district court departed upward to a Criminal History Category of IV, the corresponding sentencing guideline range was 27-33 months. The district court concluded that the appropriate sentence was at the high end of the range, 33 months. Kinard argues that the court erred in considering the presentence report's discussion of the facts surrounding his arrests for assault and armed robbery and his failure to appear after three other arrests.
 
 
 9
 We reject the argument. When setting a sentence within a guideline range, a district court has discretion to "consider virtually any information concerning the background, character and conduct of a defendant." United States v. Cervantes-Valenzuela, 931 F.2d 27, 28-29 (9th Cir.1991) (citing 18 U.S.C. Sec. 3661 and U.S.S.G. Sec. 1B1.4). Again, Kinard did not introduce any evidence which contradicted the presentence report's findings. Durham, 995 F.2d at 939.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 See also, U.S.S.G. Sec. 4A1.3 (stating that while a court may consider "prior similar adult conduct not resulting in a criminal conviction," it may not consider "a prior arrest record itself")