46 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darwin KANEAIAKALA, Defendant-Appellant.
 No. 92-10523.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1994.*
Decided Jan. 20, 1995.
 
 Before: WALLACE, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 MEMORANDUM
 Kaneaiakala appeals from the 240-month sentence imposed following his conviction for distributing crystal methamphetamine in violation of 21 U.S.C. Sec. 841(a)(1). Kaneaiakala contends that the district court erred by: (1) making an upward adjustment for obstruction of justice pursuant to U.S.S.G. Sec. 3C1.1; (2) denying a downward adjustment for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1; and (3) departing upward based on the inadequacy of Kaneaiakala's criminal history category pursuant to U.S.S.G. Sec. 4A1.3(e). The district court had jurisdiction pursuant to 18 U.S.C. Sec. 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291. We affirm.
 The district court did not clearly err in finding that Kaneaiakala willfully made false statements to a probation officer during his presentence interview. Kaneaiakala's misrepresentation to the probation officer regarding uncharged criminal activity was material to the district court's decision whether to depart from the Guidelines. See U.S.S.G. Sec. 3C1.1, note 5; United States v. Khang, 36 F.3d 77, 78-79 (9th Cir.1994). Therefore, the district court did not err by enhancing Kaneaiakala's sentence for obstruction of justice during the presentence investigation. See id.; United States v. Ancheta, No. 93-10590, slip op. 13007, 13014-15 (9th Cir. Oct. 26, 1994).
 
 
 1
 The district court properly denied Kaneaiakala an acceptance of responsibility adjustment based on his false denial of a dismissed count and uncharged conduct. See United States v. Rutledge, 28 F.3d 998, 1002 (9th Cir.1994).
 
 
 2
 Finally, FBI reports and testimony and other records were sufficiently reliable to support the district court's finding that Kaneaiakala engaged in organized crime and uncharged drug distribution. See U.S.S.G. Sec. 4A1.3(e); United States v. Durham, 995 F.2d 936, 938-39 (9th Cir.1993); United States v. Schubert, 957 F.2d 694, 696 (9th Cir.1992). Thus, the district court was authorized to depart upward pursuant to U.S.S.G. Sec. 4A1.3(e). The district court adequately explained that Kaneaiakala's "pervasive criminal activities" warranted departure by analogy to criminal history category IV. See United States v. Carrillo-Alvarez, 3 F.3d 316, 324 (9th Cir.1993).
 
 
 3
 AFFIRMED.
 
 
 4
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4