UNITED STATES of America,
Plaintiff—Appellee,

v.

Abdulah ZARGAR, aka Abdul Zargar aka Abdul Razagh Zargar aka Abdul Zerger aka Abdul Zergar aka Abdul Zegar aka Abraham Abel aka Abrahm Abel aka Abel Khalil Ibrahm aka Adel Ibrahim aka Adel Ibrehim aka Abel Khalil aka Kalil A. Tomme aka Dr. John aka Mehn Sabbagh aka Mahin Sabbagh aka Lida Zrgar, Defendant—Appellant.

No. 01–10185.

D.C. No. CR–99–00323–PGR.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 5, 2002 *.

Decided June 19, 2002.

* This panel unanimously finds this case suitable for decision without oral argument. See

Before CHOY, FERGUSON and BOOCHEVER, Circuit Judges.

Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Abdulah Zargar appeals his sentence for thirty counts of mail fraud, eight counts of filing false and fraudulent claims, six counts of promotional money laundering, two counts of false use of a social security number, and one count of making false statements in a passport application. He argues that the district court abused its discretion in imposing an upward sentencing departure under U.S.S.G. § 4A1.3 because his prior criminal conduct was either not established by reliable evidence or was dissimilar to the conduct in the instant offenses. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we vacate Zargar's sentence.

Zargar operated a massage and acupuncture clinic in Arizona from January 1995 to March 1999. The instant case arose from false claims that he filed with insurance companies to obtain payment for his services that were not covered. According to his Presentence Report ("PSR"), Zargar's combined base offense level was twenty-five and his criminal history category was III. The PSR also indicated that Zargar had been charged with attempted involuntary sexual battery in 1978 and two counts of second degree sexual assault in 1991. Further, there were sixteen outstanding warrants for Zargar's arrest on charges of obtaining property in

exchange for worthless checks in 1986 and two outstanding warrants for third degree sexual assault and bail jumping in 1992 and 1993, respectively. The district court apparently used these as grounds for an upward departure pursuant to § 4A1.3 and sentenced Zargar according to criminal history category IV. A district court's decision to depart from the Sentencing Guidelines is reviewed for an abuse of discretion. *United States v. Caperna*, 251 F.3d 827, 830 (9th Cir.2001). However, the court's interpretation of the Guidelines is reviewed de novo. *United States v. Jordan*, 256 F.3d 922, 926 (9th Cir.2001).

On appeal, Zargar argues that the district court abused its discretion in relying upon the sixteen bad check warrants because they were not established by reliable evidence. Zargar points to the fact that the PSR's description of those warrants contains minimal factual details in comparison to the description of the sexual assault charges.[1] In imposing the upward departure, the district court emphasized that the instant case was not the first time Zargar had engaged in false or fraudulent claims. This indicates that the court considered the bad check warrants under § 4A1.3(e), which allows the district court to consider prior similar adult criminal conduct not resulting in conviction.[2] In

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Zargar also argues that the PSR's description was based entirely on warrant records which he contends are akin to arrest records, and, therefore do not constitute reliable evidence. *See* U.S.S.G. § 4A1.3. There is nothing in the record which indicates what the PSR's description is based upon. However, it is not necessary to determine the exact nature of the source materials. Whatever materials the PSR author relied upon, they did not amount to reliable information establishing

the conduct underlying the bad check charges.

2. The district court could have considered the bad check warrants under U.S.S.G. § 4A1.3(d), which states that the district court may consider "whether the defendant was pending trial or sentencing on another charge at the time of the instant offense." *See, e.g., United States v. Cruz–Ventura*, 979 F.2d 146, 150 (9th Cir.1992); *United States v. Gayou*, 901 F.2d 746, 748 (9th Cir.1990). However, because there is nothing in the record indicating that the district court considered the bad check warrants as evidence of pending charges, Zargar's sentence cannot be affirmed

order for subsection (e) to apply, the prior adult criminal conduct must be established by reliable evidence. *Cf. United States v. Williams*, 910 F.2d 1574, 1580 (7th Cir. 1990) (stating that "[t]he determination that the arrests indicated similar criminal conduct must be based on facts apart from the arrest record itself"), *vacated on other grounds*, 503 U.S. 193, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992). The minimal information concerning the sixteen outstanding warrants in paragraph forty-nine of the PSR does not constitute reliable evidence of the conduct that formed the basis for those charges. Further, there is no indication in the record of what the author of the PSR based the description upon. *Cf. United States v. Durham*, 995 F.2d 936, 938 (9th Cir.1993) (author of PSR testified that he relied on police records and other PSRs). Because it appears that the PSR's account of the bad check warrants was not based upon reliable records, the judge misapplied the Guidelines in considering it. *See* U.S.S.G. § 4A1.3 (stating that the court may depart from the Guidelines if reliable information indicates that the defendant's criminal history does not adequately reflect the seriousness of his or her prior criminal conduct or likelihood of recidivism).

■ Zargar also argues that the district court abused its discretion in relying upon the two sexual assault charges and the sexual assault and bail jumping warrants because these are dissimilar to the instant offense. However, because Zargar failed to raise this argument in the district court, it is waived. *See, e.g., United States v. Cormier*, 220 F.3d 1103, 1113 (9th Cir. 2000) (citing *Peterson v. Highland Music Inc.*, 140 F.3d 1313, 1321 (9th Cir.1998)), *cert. denied*, 531 U.S. 1174, 121 S.Ct. 1146, 148 L.Ed.2d 1009 (2001).

VACATED AND REMANDED.

on this ground. *See United States v. Connelly*, 156 F.3d 978, 983 (9th Cir.1998) ("We limit

BOOCHEVER, Circuit Judge, dissenting.

The majority vacates Zargar's sentence because it concludes that the district court abused its discretion in adopting the portion of the presentence report that references Zargar's 16 outstanding arrest warrants for writing bad checks. I respectfully dissent. I would hold that Zargar waived this argument on appeal because he did not challenge the source of the PSR's information in the district court. In his written objections to the PSR, Zargar merely quoted § 4A1.3's policy statement prohibiting reliance on arrest records in assessing criminal history. He made no attempt to explain why this quotation applied, nor did he identify the information that was allegedly derived from arrest records. Moreover, none of the criminal history allegations appeared on its face to have been derived solely from arrest records, so it was not obvious which allegations, if any, Zargar was challenging. The defendant bears the burden of bringing errors in the PSR to the court's attention under Rule 32, *see United States v. Scrivner*, 114 F.3d 964, 969 (9th Cir.1997); *United States v. Visman*, 919 F.2d 1390, 1394 (9th Cir.1990). I do not think Zargar met this burden by obliquely referencing a seemingly-inapplicable portion of the guidelines, without explaining why or to what information the reference allegedly applied. *Cf. Scrivner*, 114 F.3d at 969 (where defendant fails to object to fact in PSR, "there is no basis for requiring the district court to carry out an onerous and unachievable task of considering every conceivable argument which a defendant *might* raise").

In addition, there is no support for the majority's conclusion that the PSR's information was based on unreliable information. Because there is no information in the record about the source of the PSR's our review to the reasons actually given by the sentencing court.").

information, there is no basis for concluding that the source was unreliable. Significantly, the lack of information on this issue is the result of Zargar's failure to object in the district court. Zargar has not presented any evidence, in the district court or on appeal, that the PSR's information is inaccurate or unreliable. *See, e.g., United States v. Charlesworth,* 217 F.3d 1155, 1160–61 (9th Cir.2000) (no obligation for district court to make findings on reliability of information used at sentencing where defendant did not object, "never challenged the accuracy of the information in the PSR and never offered any evidence to contradict the PSR"). Under these circumstances, I cannot agree that the district court's reliance on that information amounted to an abuse of discretion.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.