36 F.3d 1104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Allen Lorne WADE, Defendant-Appellant.
 No. 94-10012.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 14, 1994.*
Decided Sept. 19, 1994.
 
 Before: BROWNING, WRIGHT, and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Allen Lorne Wade pleaded guilty to three counts of violating 18 U.S.C. Sec. 922(g)(1). He appeals only his sentence, which was an upward departure from the Guidelines. We vacate the sentence and remand for resentencing.
 
 
 3
 Wade, a felon with an escalating history of violence, walked into a bar wearing a holstered .44 magnum. He was also a passenger in a car where police found a loaded shotgun and a stolen semi-automatic pistol. Judge Pro imposed three concurrent sentences of 78 months followed by three years of supervised release, running consecutive to a state life sentence for second degree murder.
 
 
 4
 Although we review de novo the district court's legal authority to depart from the guidelines, United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991) (en banc), and for clear error its findings of fact, id. at 747, we need not reach these issues. The district court failed to explain why the extent of its departure was reasonable. See United States v. Quintero, 21 F.3d 885, 893 (9th Cir.1994).[1]
 
 
 5
 The undisputed facts in the corrected presentence report show Wade's numerous convictions (many involving firearms) plus other offenses not calculated into his criminal history. Judge Pro said only that Wade's vast and violent criminal history, plus the seriousness and repetitiveness of his crimes, made him a threat to public welfare and warranted departure. He increased Wade's felon-in-possession offense level from 12 to 20 by analogizing it to robbery as recommended by the presentence report.
 
 
 6
 The presentence report adopted by the district court did not specify how it arrived at the robbery analogy. And Judge Pro's generalized indictment of Wade's criminality was not an articulation of specific reasons why an eight-level upward departure was reasonable. Nor did he indicate how the Guidelines inadequately factored Wade's circumstances, only that it did. We therefore vacate the sentence and remand for resentencing.
 
 
 7
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We require the district court to give a detailed explanation of "the reasons [for] ... a particular sentence, analogizing to other Guidelines provisions," Quintero, 21 F.3d at 894 ( quoting United States v. Hicks, 997 F.2d 594, 599 (9th Cir.1993)), with the "extent of the departure founded on the structure, standards and policies of the Act and the Guidelines." Lira-Barraza, 941 F.2d at 751. We consider only those reasons articulated by the district court and will not scour the record looking for justifications. United States v. Carrillo-Alvarez, 3 F.3d 316, 324 (9th Cir.1993)