41 F.3d 1514
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sharon Mabel DAY, Defendant-Appellant.
 No. 94-30038.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 12, 1994.
Decided Nov. 10, 1994.
 
 Before: BROWNING, WRIGHT, and CANBY, Circuit Judges
 MEMORANDUM*
 I.
 The conviction is affirmed.
 A.
 The prosecutor mischaracterized the 1988 wire transfer during rebuttal, but the error was harmless in light of the jury's access to the document itself and the strength of the other evidence against Day.
 B.
 The trial court's omission of Coffman's name in reading the indictment did not amend the indictment or mislead the jury to Day's prejudice. "A constructive amendment to the indictment occurs where the jury instructions so modify the elements of the offense charged that the defendant may have been convicted on a ground not alleged by the grand jury's indictment." United States v. Lignarolo, 770 F.2d 971, 981 n. 15 (11th Cir.1985) (emphasis added) (internal quotations omitted); see also Echavarria-Olarte v. Reno, --- F.3d ----, 1994 WL 476733, at * 4 (9th Cir. Sept. 6, 1994). Since the court informed the jury that Coffman had pled guilty to wire fraud, the omission of Coffman's name did not render the instructions "misleading [as a whole] or ... inadequate to guide the jury's deliberations." See United States v. Shortt Accountancy Corp., 785 F.2d 1448, 1454 (9th Cir.1986).
 C.
 Virtually all of the evidence of which Day complains involved prior acts by Hutchens. The jury was instructed to "decide separately what the evidence in the case shows about [each] count as against each defendant." Any marginal prejudice was harmless in light of the strength of the direct evidence against Day. Cf. United States v. Brown, 880 F.2d 1012, 1016 (9th Cir.1989).
 II.
 The sentence is vacated.
 
 A.
 
 1
 "[A] court should not depart unless the defendant's record is 'significantly more serious' than that of other defendants in the same criminal history category." United States v. Carrillo-Alvarez, 3 F.3d 316, 320 (9th Cir.1993) (citation omitted). Moreover, "[i]f a court departs based on criminal history, we require it to specify the particular facts of a defendant's history that illustrate why the defendant is unlike other defendants in the same category." United States v. Singleton, 917 F.2d 411, 412 (9th Cir.1990) (emphasis added). The district court's findings "must be sufficiently specific so that this court can engage in the meaningful review envisioned under [the Sentencing Reform Act]...." United States v. Wells, 878 F.2d 1232, 1233 (9th Cir.1989).
 
 
 2
 The district court's findings were inadequate. The court said only:
 
 
 3
 I'm not using those Colorado arrests to increase. But I am using things like the fraud at the Nebraska hospital in the sum of thousands of dollars. This is a pattern of behavior that's gone on and on and on for many years, and that's why I'm--if there's any doubt about it, I refer to the trial record for the increase above the Guideline range.
 
 
 4
 (E.R. 74.) As we stated in Carrillo-Alvarez, however, "[w]e do not search the record for permissible reasons for departure, but rather consider only the justifications the district court actually advanced at sentencing." 3 F.3d at 324 (emphasis added). The "fraud at the Nebraska hospital," by itself, was insufficient to sustain the departure. There was no evidence of this alleged fraud. There is also no finding that such a fraud, even if proven, would render Day's criminal history "significantly more serious" than that of other defendants in the same criminal history category.
 
 
 5
 On remand, the district court should specify the particular facts in the record that illustrate why Day's history is significantly more serious that that of other defendants in the same criminal history category. The court should also be mindful of the requirement that "[a] decision to depart upward must be guided by analogy to the criminal history category that most closely resembles the defendant's actual criminal record," United States v. Starr, 971 F.2d 357, 363 (9th Cir.1992), and that any such departure should be supported by "a reasoned explanation of the extent of the departure founded on the structure, standards and policies of the Act and Guidelines," United States v. Lira-Barraza, 941 F.2d 745, 751 (9th Cir.1991) (en banc ).
 
 B.
 
 6
 The Victim and Witness Protection Act authorizes an award of restitution only for the "losses caused by the specific conduct underlying the offense of conviction...." United States v. Baker, 25 F.3d 1452, 1456 (9th Cir.1994); see also 18 U.S.C. Sec. 3663(a)(1) (West Supp.1994). Where that conduct involves a scheme or conspiracy, restitution is proper only if the losses stem from offenses that were "part of a criminal scheme that was a necessary predicate to the offenses on which conviction was had...." United States v. Soderling, 970 F.2d 529, 533 (9th Cir.1992) (emphasis added). The government bears the burden of proving the losses sustained by a given victim. Baker, 25 F.3d at 1455; United States v. Cannizzaro, 871 F.2d 809, 811 (9th Cir.1989).
 
 
 7
 The district court's findings were inadequate to show that the government had satisfied its burden of proof as to the award to Wallace Taylor.[1] The only "evidence" of Taylor's alleged loss is a general statement in the presentence report which makes no reference to the time frame of the loss or the source of the information. (See P.I.R. 10.) The court apparently based its award entirely on the presentence report, which Day contested, and upon the assumption that the loss had been proven at trial, which appears not to be true. The present record provides no basis for determining either that Taylor was a victim of the crime of which Day was here convicted or the amount of Taylor's loss. See Cannizzaro, 871 F.2d at 811. On remand, the district court should make evidentiary findings to satisfy the requirements of Baker, Soderling and Cannizzaro, as set forth above.
 
 
 8
 The award of $2,500 to Gerald Sherman was improper. Section 3663(e)(1) provides: "The court shall not impose restitution with respect to a loss for which the victim has received or is to receive compensation...." 18 U.S.C. Sec. 3663(e)(1) (West 1985). Sherman testified at trial that the $2,500 had already been refunded. (See R.T. 118.) Whether the funds came from Day is immaterial.
 
 
 9
 We reject Day's argument that the award of $12,500 to Kay and Koni Hafoka was improper simply because the Hafokas testified they had paid the money to Richard Coffman without Day's involvement. (See R.T. 469-499.) The district court had discretion to hold Day jointly and severally liable for the losses caused by her conspiracy with Coffman and Hutchens. See United States v. Angelica, 951 F.2d 1007, 1009-10 (9th Cir.1991). On remand, the district court should consider, however, whether the government satisfied its burden of proving that the Hafokas' loss totalled $12,500, since the testimony of the Hafokas at trial disclosed a payment to Coffman of only $10,000. (See R.T. 469-99.)
 
 C.
 
 10
 We reject Day's contention that her sentence violated 18 U.S.C. Sec. 3664(a), which requires a court in ordering restitution to consider, among other things, "the financial resources of the defendant [and] the financial needs and earning ability of the defendant and the defendant's dependents...." 18 U.S.C. Sec. 3664(a) (West Supp.1994). The district court is not required to make factual findings with respect to a defendant's ability to pay. Cannizzaro, 871 F.2d at 811. Indeed, this court "does not require that the defendant be able to pay in order to justify a restitution award." United States v. Jackson, 982 F.2d 1279, 1284 (9th Cir.1992). Section 3664(a) is satisfied if the record "reflect[s] that the district judge had at his disposal information bearing on [defendant's ability to pay]." Cannizzaro, 871 F.2d at 811.
 
 
 11
 The record satisfied this requirement. The presentence report reflects that Day's "financial profile is uncertain"; that her debts may exceed her assets; that she has an erratic employment history and only a high school education, and that her health is reputedly poor. On the other hand, Day testified to her own business abilities, (see R.T. 462), and the record indicates she was able to convince a wide variety of people to enter into business relationships with her.
 
 
 12
 Although the restitution award seems ambitious in light of Day's limitations, we cannot say the district judge failed to consider Day's financial condition in determining the amount of the award. If, at the end of her probation period, Day demonstrates that she has made a good faith effort to repay but has been unable to pay the full amount, she may petition the court for an extension of time or a remittitur. See Jackson, 982 F.2d at 1284-85.
 
 D.
 
 13
 The court satisfied Rule 32(a)(1)(C) by vacating Day's initial sentence and giving her an opportunity to address the court before imposing a final sentence. Fed.R.Crim.P. 32(a)(1)(C) (West Supp.1994). The fact that the court reimposed the same sentence does not demonstrate that defendant's allocution was a hollow formality; to the contrary, the court was responsive to Day's concerns. (See, e.g., E.R. 77-82.) This case is distinguishable from United States v. Pelaez, 930 F.2d 520, 522-24 (6th Cir.1991), in which the trial judge conceded he had not intended to reconsider the sentence following the defendant's statements to the court.
 
 
 14
 The conviction is AFFIRMED; the sentence is VACATED and the case REMANDED for resentencing.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government does not respond to defendant's objection to the award to Taylor