78 F.3d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donnie Roy O'NEAL, Defendant-Appellant.
 No. 95-10269.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 9, 1995.*
Decided March 4, 1996.
 
 Before: SCHROEDER, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant Donnie Roy O'Neal appeals his 293-month sentence handed down by the district court on remand from United States v. O'Neal, No. 93-16878 (9th Cir. Jan. 12, 1995). O'Neal argues that the court erred when it 1) departed upward from the 180-month statutory mandatory minimum; and 2) failed to state valid grounds for departure. He asks this court to remand for resentencing, and to reassign the resentencing to a different district court judge. In the alternative, he requests that this court set his sentence at 180 months.
 
 
 3
 The government concedes that in light of this court's intervening decision in United States v. Canon, 66 F.3d 1073 (9th Cir.1995), the district court erred in upwardly departing from the 180-month mandatory minimum under the Armed Career Criminal Act. Any upward departure must, therefore, be measured from the applicable guideline range of 30-37 months.
 
 
 4
 A district court has the authority to depart upward only if it identifies an aggravating circumstance that was not adequately taken into consideration in the sentencing guidelines. 18 U.S.S.G. § 3553(b); United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991). Whether the grounds relied upon by the district court are sufficient to warrant an upward departure is a question of law that this court reviews de novo. United States v. Carrillo-Alvarez, 3 F.3d 316, 320 (9th Cir.1993). The district court erred when it relied on the high-speed chase to support its 113-month upward departure because it took this into account when setting O'Neal's offense level. We agree with O'Neal that it would not be within the district court's discretion, relying upon proper factors, to upwardly depart more than 143 months to impose a sentence that exceeds the mandatory minimum of 180 months. We therefore order the sentence reduced to 180 months.
 
 
 5
 VACATED and REMANDED for resentencing.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3