85 F.3d 638
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny Lynn OLD CHIEF, Defendant-Appellant.
 No. 95-30283.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1996.*
Decided May 6, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Johnny Lynn Old Chief appeals his 180-month sentence imposed following remand for resentencing. Old Chief contends that the district court improperly imposed a 57-month upward departure.[1] We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.
 
 
 3
 We review the district court's decision to depart upward under the three-part test of United States v. Lira-Barraza, 941 F.2d 745 (9th Cir.1991) (en banc). We review: (1) de novo whether the district court had legal authority to depart; (2) for clear error the factual findings supporting the existence of an aggravating circumstance; and (3) for reasonableness the extent of the district court's departure. Id. at 745-46, 751.
 
 
 4
 A district court may depart upward if a defendant's "criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes...." U.S.S.G. § 4A1.3. An upward departure from the top criminal history category VI is warranted only if the defendant's criminal record is "extreme by comparison with others" in the same criminal history category. United States v. Canon, 66 F.3d 1073, 1079 (9th Cir.1995) (citing United States v. Carrillo-Alvarez, 3 F.3d 316, 323 (9th Cir.1993)). Further, a defendant's juvenile offenses may serve as a basis for upward departure, if they are evidence of similar or dissimilar but serious criminal conducts. See U.S.S.G. § 4A1.3, comment. (backg'd) (upward departure appropriate if younger defendants, who have received repeated lenient treatments, actually pose a greater risk of serious recidivism than other defendants); United States v. Smallwood, 35 F.3d 414, 417 (9th Cir.1994) (noting juvenile conviction was a proper base for upward departure if it was for conduct similar to instant offenses); Carrillo-Alvarez, 3 F.3d at 322 (holding juvenile conviction of auto burglary was not serious enough to justify upward departure).
 
 
 5
 Old Chief contends that the district court improperly departed upward based on his juvenile record of a series of probation violations. His contention has merit.
 
 
 6
 The district court departed upward because the Sentencing Guidelines "failed to account for the defendant's criminal behavior as a juvenile." It found that Old Chief had committed a series of probation violations, had posed danger to the community, but had received repeated lenient treatment. See U.S.S.G. § 4A1.3, comment (backg'd). In particular, the district court based the departure on a guilty plea of burglary and theft and repeated violations of probation resulting from possession and manufacture of illegal weapons, participation in burglarizing a commercial establishment, shooting and assaulting others, and involvement in a high speed chase. Although consideration of Old Chief's juvenile offenses of firearm possession and assault may be proper, see Smallwood, 35 F.3d at 417, the district court may not justify the departure on the basis of Old Chief's juvenile offenses of burglary. See Carrillo-Alvarez, 3 F.3d at 322.[2]
 
 
 7
 Further, Old Chief's criminal history, including his juvenile record, is not egregiously more serious than that of other offenders in Category VI. Compare Cannon, 66 F.3d at 1079 (expressing doubt that defendant's extensive criminal history, past recidivism with weapons, and extreme danger posed to society are egregiously more serious than that of others in Category VI); United States v. George, 56 F.3d 1078, 1085 (9th Cir.) (defendant's history of nineteen criminal convictions, short-lived release from prison, and extremely high likelihood of recidivism is not significantly more serious than others defendants in same category), cert. denied, 116 S.Ct. 351 (1995); with United States v. Singleton, 917 F.2d 411, 412 (9th Cir.1990) (defendant's uninterrupted string of criminal convictions of accelerating seriousness and density of his offenses just barely justify an upward departure). Thus, an upward departure is not warranted. See Canon, 66 F.3d at 1079.
 
 
 8
 For the reasons stated above, we vacate Old Chief's sentence and remand the case for resentencing. Old Chief requests that upon remand, we assign the case to a different district court judge. The request is denied. See United States v. Arnett, 628 F.2d 1162, 1165 (9th Cir.1979).
 
 
 9
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Old Chief was convicted of being a felon in possession of a firearm, using or carrying a firearm during the commission of a violent crime, and assault with a dangerous weapon. At resentencing, the district court departed upward 57 months from a sentence range of 51-60 months based on an offense level of 17 and criminal category of VI
 
 
 [2]
 The district court found that the burglaries were closer to armed robberies because guns were involved. However, the record is insufficient for us to draw such a conclusion. The record indicates two commissions of burglary, one of which was of a commercial establishment