**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Dustin Victor RANGER–CROUCHET,**
**Defendant—Appellant.**

No. 03–30163.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 3, 2004.

Decided July 6, 2004.

John Joseph Lulejian, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Miriam F. Schwartz, Esq., Federal Public Defender's Office, Tacoma, WA, for Defendant–Appellant.

Before: O'SCANNLAIN, RYMER, and BYBEE, Circuit Judges.

## MEMORANDUM *

Dustin Victor Ranger–Crouchet challenges the district court's decision to depart upwardly from the otherwise applicable United States Sentencing Guidelines range. He argues that at least one of the court's grounds for departure was clearly erroneous, and that in any event, the district court failed to set forth why his record is significantly more serious than that of others in Criminal History Category VI. *See United States v. Carrillo–Alvarez,* 3 F.3d 316, 323—25 (9th Cir.1993).

■ Ranger–Crouchet first asserts that there is no basis in the record to suggest that, "[d]espite the serious nature of the assaults, all of them were pled down to a misdemeanor level not fully taking into account the seriousness of the offenses." We must "accept the findings of fact of the district court unless they are clearly erroneous." 18 U.S.C. § 3742(e).

The district court's "pled down" finding was apparently drawn from an almost-verbatim statement in the probation department's Sentencing Recommendation justification. However, other than this lone, unsupported conclusion, the record reveals no evidence indicating that Ranger–Crouchet ever pled any felony assault charges down to a misdemeanor,[1] much less that he pled "all of them" down.

Indeed, the Presentence Report itself suggests the contrary, listing several misdemeanor assault "Charge[s]" against Ranger–Crouchet. This supports his contention, both on appeal and before the district court, that state prosecutors evaluated each of these crimes and decided to charge them as misdemeanors in the first instance.

A factual finding is necessarily clearly erroneous when the record does not support it. *In re Rifino,* 245 F.3d 1083, 1089 (9th Cir.2001). As a result, the district court's conclusion that Ranger–Crouchet pled down all of his assault convictions cannot stand. § 3742(e).

■ We decline to consider any further challenges to the district court's sentence. Rather, in light of this factual error, "a remand is appropriate" because we simply cannot conclude, "on the record as a whole, that the ... error did not affect the district court's selection of the sentence imposed." *Williams v. United States,* 503 U.S. 193, 203, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992). In other words, it is best left to the district court to revisit its upward departure without reference to the "pled down" finding, and determine whether a departure continues to be warranted.

**VACATED AND REMANDED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We note that on a single occasion, state prosecutors appear to have dismissed two misdemeanor assault charges when Ranger–Crouchet pled guilty to a third assault charge, reckless endangerment, resisting arrest, and driving with a suspended license.