*Hossain v. Sessions*

BIA
Poczter, IJ
A206 263 723

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand eighteen.

PRESENT:
        JOSÉ A. CABRANES,
        DEBRA ANN LIVINGSTON,
        SUSAN L. CARNEY,
             *Circuit Judges.*
_____

MD ARIF HOSSAIN,
             *Petitioner,*

        v.                                      16-4215
                                                NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
             *Respondent.*
_____

FOR PETITIONER:        Md Arif Hossain, Pro Se,
                       Brooklyn, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Terri J.
                       Scadron, Assistant Director;
                       Lisa Morinelli, Trial Attorney,

Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Md Arif Hossain, a native and citizen of Bangladesh, seeks review of a November 25, 2016, decision of the BIA affirming a March 10, 2016, decision of an Immigration Judge ("IJ") denying Hossain's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Md Arif Hossain,* No. A 206 263 723 (B.I.A. Nov. 25, 2016), *aff'g* No. A 206 263 723 (Immig. Ct. N.Y. City Mar. 10, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and BIA's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008)(reviewing adverse credibility

determination for substantial evidence).

"Considering the totality of the circumstances," the agency may base a credibility finding on the applicant's "demeanor, candor, or responsiveness," and inconsistencies or omissions in the applicant's statements or between his statements and other evidence. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. As discussed below, substantial evidence supports the adverse credibility determination.

The agency reasonably relied on multiple inconsistencies in Hossain's testimony relating to his involvement with the Bangladesh Nationalist Party ("BNP") and his descriptions of his past harm. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). For example, Hossain was unable to identify the name of the BNP's president despite submitting a letter from that individual in support of his claim. And both that letter and his father's letter were inconsistent with Hossain's testimony regarding

3

the timeline of his involvement in the BNP. The IJ was not required to accept Hossain's explanation regarding the president's letter—that he meant the time when he had a good working relationship with the president—because it did not explain the different dates or why Hossain did not recognize the president's name. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (emphasis in original; quotation marks omitted)).

In addition, there were several inconsistencies between Hossain's testimony and the documentary evidence regarding the two assaults Hossain allegedly suffered at the hands of members of the Awami League. The inconsistencies related to the location of the 2009 assault, the severity of Hossain's injuries, who reported the 2009 incident to authorities, and where Hossain recovered from the 2012 assault. These inconsistencies alone provide substantial evidence for the adverse credibility determination because they relate to the two main incidents of persecution. *See Xian Tuan Ye v. Dep't*

4

*of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006).

The adverse credibility determination is bolstered by the IJ's finding that Hossain paused numerous times when asked to explain inconsistencies. "We give particular deference to" a finding based on demeanor, particularly when such a finding "is supported by specific examples of inconsistent testimony." *Li Hua Lin v. U.S Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (internal quotation marks and brackets omitted). Finally, the IJ reasonably found that Hossain failed to rehabilitate his testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007)("An applicant's failure to corroborate . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The IJ reasonably found that Hossain's evidence was insufficient to rehabilitate his testimony because, in addition to the inconsistencies between the documents and Hossain's statements, the documents were prepared for the purpose of litigation by parties not subject to cross examination, they relied solely on Hossain's testimony for

5

authentication, and at least one of the drafters, Hossain's father, was an interested party. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (holding that "[w]e defer to the agency's determination of the weight afforded to an alien's documentary evidence" and deferring to decision to give limited weight to an unsworn letter from applicant's spouse).

Given the multiple inconsistencies, the demeanor finding, and the lack of reliable corroboration, substantial evidence supports the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165-66. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims rely on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

6

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                         FOR THE COURT:
                         Catherine O'Hagan Wolfe, Clerk of Court