Jiang v. Garland

BIA
Vomacka, IJ
A206 567 109

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of April, two thousand twenty-one.

PRESENT:
　　　　ROBERT D. SACK,
　　　　DENNY CHIN,
　　　　WILLIAM J. NARDINI,
　　　　　　*Circuit Judges.*

_____

JINGLIANG JIANG,
　　　　*Petitioner*,

　　　　v.　　　　　　　　　　　　　　19-134
　　　　　　　　　　　　　　　　　　NAC
MERRICK B. GARLAND,UNITED STATES ATTORNEY GENERAL,
　　　　*Respondent.*[1]

_____

FOR PETITIONER:　　　　Vlad Kuzmin, New York, NY.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

**FOR RESPONDENT:** Joseph H. Hunt, Assistant Attorney General; Jeffery R. Leist, Senior Litigation Counsel; Jessica D. Strokus, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jingliang Jiang, a native and citizen of China, seeks review of a December 14, 2018, decision of the BIA affirming a November 17, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Jingliang Jiang,* No. A 206 567 109 (B.I.A. Dec. 14, 2018), *aff'g* No. A 206 567 109 (Immig. Ct. N.Y. City Nov. 17, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). We review adverse credibility determinations under the substantial evidence standard and treat the agency's findings

2

of fact as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances . . . a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the adverse credibility determination.

3

The IJ reasonably relied on Jiang's demeanor. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The IJ found that Jiang's testimony appeared to be "the product of rote memorization" because he responded to the IJ's questions by "reciting the events in an almost identical way" to his written application. We defer to this determination. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (explaining that "a fact-finder who assesses testimony together with witness demeanor is in the best position to discern . . . whether a witness who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of key events or struggling to remember the lines of a carefully crafted script" (internal quotation marks and brackets omitted)); *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005) (giving "particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor"). Moreover, inconsistencies provide further support for the demeanor finding and the adverse credibility determination as a whole. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be . . . more confident in our review of

4

observations about an applicant's demeanor where . . . they are supported by specific examples of inconsistent testimony.").

The record supports the IJ's finding of inconsistencies between Jiang's testimony and documentary evidence regarding his church attendance in the United States. Jiang testified that he attended church "once every two weeks." But the letter from his church reflected that he attended church roughly once every three weeks. The IJ was not required to accept Jiang's explanation that he sometimes forgot to scan his card or arrived late because there was no evidence to corroborate this system or that Jiang actually attended services every two weeks. *See Majidi*, 430 F.3d at 80–81 (holding "petitioner must do more than offer a plausible explanation for his inconsistent statements . . . he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). As the IJ noted, Jiang's evidence also implied that his attendance fluctuated based on how it would affect his asylum claim: he attended church almost weekly in the five months leading to the filing of his application and his

asylum interview; but then his attendance decreased while he awaited his hearing before the IJ. *Cf. Y.C. v. Holder*, 741 F.3d 324, 338 (2d Cir. 2013) (noting issues of credibility and ease of manufacturing asylum claims based on activities in United States).

The IJ also reasonably relied on the discrepancy between Jiang's testimony and the household registration booklet he offered as evidence because the booklet listed his status as single, but he alleged that he and his wife married three years before she obtained the booklet and mailed it to him. Contrary to Jiang's position, the IJ could rely on this tangential inconsistency in considering the "totality of the circumstances." *Xiu Xia Lin*, 534 F.3d at 167 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

Moreover, the IJ reasonably concluded that Jiang failed to rehabilitate his testimony with reliable corroborating evidence because he had no letter from the aunt who introduced him to Christianity in China. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an

6

applicant unable to rehabilitate testimony that has already been called into question."). Moreover, the IJ gave diminished weight to Jiang's witness to his church attendance in the United States because he had no evidence that the witness attended his church. *See Y.C.*, 741 F.3d at 332, 334 ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

In sum, given the demeanor finding, inconsistencies, and lack of reliable corroboration, substantial evidence supports the agency's adverse credibility determination. *See Hong Fei Gao*, 891 F.3d at 76. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). We do not reach the agency's alternative finding that Jiang failed to show a pattern or practice of persecution of Christians in his home province. As the Government points out, Jiang has waived consideration of this finding by failing to sufficiently challenge it in his brief. Although he references the pattern or practice

7

finding, he provides no argument about conditions for Christians in his home province as required to state such a claim. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court